**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TEXTILES MORALES, S.A. de C.V.,**

    **Plaintiff,**

**v.**                                                                                    **Case No.  8:10-cv-2298-T-30EAJ**

**GREEN PARADIGM PARTNERS, LLC**
**and MCB SPORTSWEAR, INC.,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Green Paradigm Partners,

LLC's Motion to Dismiss Complaint (Dkt. 31) and Plaintiff's Response in opposition (Dkt.

34).  The Court, having reviewed the motion, response, and being otherwise advised in the

premises, concludes that the motion should be denied.

## BACKGROUND

This is a breach of contract case.  Plaintiff manufactures, markets, and distributes

textile products, such as bath and hand towels, bathrobes, wash cloths, and bath mats.

Defendant Green Paradigm Partners, LLC ("GPP") is a sales representative for businesses,

like Plaintiff's, that distribute textile products.  Plaintiff alleges that GPP breached a Sales

Agreement, dated November 1, 2009.[1]  Pursuant to the Sales Agreement, Plaintiff appointed

---

[1] Defendant MCB Sportswear, Inc. was also a party to the Sales Agreement.  Plaintiff's complaint alleges two breach of contract claims against MCB, which MCB answered.

GPP its exclusive sales representative for specific products manufactured and/or distributed by Plaintiff.  GPP agreed to market the products and to represent and promote the sale of the products to specific distributors, suppliers, or end users of the products.   The Sales Agreement also discussed the protection of Plaintiff's confidential information and intellectual property.

Plaintiff alleges that GPP breached the Sales Agreement because it failed to act as Plaintiff's exclusive sales representative, failed to produce a single order for any product, and used Plaintiff's trademarks and confidential information in violation of the Sales Agreement. As a result, Plaintiff alleges that it was forced out of business.

GPP moves to dismiss the breach of contract claim, arguing that the allegations are not specific enough to comply with Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## DISCUSSION

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff.  *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).  To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007).  While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a

statement of facts that merely creates a suspicion [of] a legally cognizable right of action,"
it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'
requires more than labels and conclusions, and a formulaic recitation of the elements of a
cause of action will not do."  *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co.
Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of
facts" standard and holding *Twombly* "as a further articulation of the standard by which to
evaluate the sufficiency of all claims").  Absent the necessary factual allegations,
"unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft
v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

GPP argues that Plaintiff's allegations do not comply with *Iqbal* because they merely
recite provisions of the Sales Agreement and state that GPP breached those provisions.  The
Court agrees that merely alleging the existence of a contract and stating that it was
"breached" would be inadequate under *Iqbal*.  But in this case, the allegations are not
"unadorned" as GPP seems to suggest.  Plaintiff alleges the existence of a contract between
the parties, i.e., the Sales Agreement.  Plaintiff also alleges the <u>specific</u> provisions of the
contract that <u>GPP</u> breached.  Finally, Plaintiff alleges that these specific breaches caused
damages.  These allegations adequately plead a breach of contract claim against GPP.
Accordingly, GPP's motion to dismiss must be denied.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendant Green Paradigm Partners, LLC's Motion to Dismiss Complaint

        (Dkt. 31) is DENIED.

2.      GPP shall file an answer to the complaint within fourteen (14) days from the

date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on July 19, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-2298.mtdismiss31.frm